### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WALTER BROCKMANN STUDIOS, INC. and FRANK P. PARADISE, <br><br>  Plaintiffs, <br><br> vs. <br><br> LISA POINSETT and ROBERTA HAMILTON, <br><br>  Defendants. | ) ) ) ) ) ) ) ) Case No. CIV-04-1307-F ) ) ) ) ) ) |

### ORDER

Defendants' "Amended Motion for Voluntary Dismissal," filed April 6, 2006, is before the court. (Doc. no. 63.) Defendants have incorrectly docketed the motion as a "Notice." It is not necessary to correct the docket entry, however, because this case is closed and the motion is moot, as explained below.

This action was dismissed by the court under Rule 41(a)(2), Fed. R. Civ. P., on July 20, 2005. (Doc. no. 61.) The July 20 order of dismissal stated that it was based on a document filed by the plaintiffs entitled "Plaintiff's Dismissal." That document had previously been construed by the court, in its order of July 6, 2005 (doc. no. 60), as a motion from plaintiffs to voluntarily dismiss this action, without prejudice, under Rule 41(a)(2). The July 6 order stated that this action had proceeded past the point where it could be voluntarily dismissed by the plaintiffs absent a court order, and the court noted that there were counterclaims and third-party claims. The July 6 order then stated that any party objecting to plaintiffs' motion as construed by the court should respond to the motion on or before July 18, 2005. Finally, the July 6 order stated that "Absent objection, plaintiffs' motion will be granted, and this action will

be ordered voluntarily dismissed without prejudice." No response was filed and this action was then dismissed by the court on July 20, 2005.

Accordingly, as the court's prior orders make clear, this entire action has been dismissed under Rule 41(a)(2) without prejudice, which means that this case is closed and that there is no counterclaim pending because the counterclaim has also been dismissed without prejudice. Rule 41(a)(2) is in accord. It states that "If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiffs' motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Implicit in this provision is the fact that a defendant who has filed a counterclaim must object to any motion to dismiss voluntarily which is brought by a plaintiff under Rule 41(a)(2), or else the counterclaim will be dismissed along with the original claim when the dismissal is granted.

Because it is clear under both the prior orders of the court and under Rule 41(a)(2) that this entire action, including the counterclaim, was dismissed without prejudice under Rule 41(a)(2) on July 20, 2005, the relief sought in defendants' "Motion for Voluntary Dismissal" has already been granted. Defendants' "Amended Motion for Voluntary Dismissal" is therefore **STRICKEN** as moot. This case remains closed.

Dated this 11th day of April, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1307p018(pub).wpd